b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REBECCA WESTBROOK, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05161 |
| VERSUS | DISTRICT JUDGE DRELL |
| PLASTIPAK PACKAGING, INC., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Plaintiff's state law claims and for attorney's fees filed by Defendant Plastipak Packaging, Inc. ("Plastipak"). ECF No. 11. Because Plaintiff's state law claims are untimely, Plastipak's Motion to Dismiss those claims (ECF No. 11) should be GRANTED and they should be DISMISSED WITH PREJUDICE. Plastipak's Motion for Attorney Fees (ECF No. 11) should be DENIED.

I.   Background

Plaintiff Rebecca Westbrook ("Westbrook") filed this Complaint against her former employer, Plastipak, in the Louisiana Ninth Judicial District Court in Rapides Parish, asserting claims of unequal pay due to gender discrimination, sexual harassment, and hostile work environment under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:332(A), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Plastipak removed pursuant to 28 U.S.C. § 1331.

Westbrook contends that, when she worked for Plastipak in 2017-2018, she was encouraged by a supervisor to apply for a "horizontal equipment owner" position. ECF No. 1-1 at 4. Westbrook was given the position and became the only female employed in the maintenance department. ECF No. 1-1 at 4. After two and a half years in that job, Westbrook learned she was being paid less than her male counterparts, and that the same thing had happened to the previous female employee who held her position. ECF No. 1-1 at 6. Moreover, other employees (including a manager) accused her of having performed sexual favors to get the job or of having gotten the job because she complained of sexual harassment; male employees continuously made sexually explicit comments and engaged in crudely derogatory sexual conversations about women; and male employees constantly tried to look down women's shirts. ECF No. 1-1 at 6-7.

After Westbrook told a co-worker about a sexual harassment incident, the co-worker reported the incident to a supervisor. The incident was publicly investigated but no one was disciplined, and co-workers became hostile toward Westbrook. ECF No. 1-1 at 7-9. Westbrook became ill, fatigued, anxious, and depressed, and began to miss work. During the pandemic, Westbrook's employment was terminated due to excessive absences. ECF No. 1-1 at 9. For relief, Westbrook asks for monetary damages (including punitive damages).

Plastipak filed a Motion to Dismiss Westbrook's state law claims, asserting they are prescribed. ECF No. 11. Plastipak also seeks attorney's fees. Westbrook opposes that motion. ECF No. 17.

## II. Law and Analysis

Plastipak contends Westbrook's state law discrimination claims should be dismissed as untimely.

Louisiana's anti-discrimination statutory provisions are governed by the one-year prescriptive period in La. R.S. 23:303(D).[1] *See Casey v. Livingston Parish*

---

[1] La. R.S. 32:303:
    A. A plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs. In such a suit, the venue shall be the district court in the parish in which the alleged violation occurred.
    B. A plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs.
    C. A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.
    D. Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.
    E. Notwithstanding Subsection D of this Section, there shall be no interruption of prescription resulting from a plaintiff's giving or failing to give the notice required in Subsection C of this Section.

3

*Communications District,* 2009 WL 577756, at *4 (5th Cir. 2009); *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 417 (E.D. La. 2016).

Westbrook contends the prescriptive period for her LEDL claims was tolled by the filing of her EEOC administrative claims for the length of time that the required administrative process was pending. The filing of an EEOC claim does not, under federal law, suspend prescription on a plaintiff's state law claim.[2] However, Louisiana law allows a tolling period of up to six months under La. R.S. 23:303(D):

> Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

Therefore, the running of the one-year prescriptive period was suspended during the pendency of the EEOC administrative claim for up to six months. The longest period Westbrook could have had to file her LEDL claims was 18 months from the date of her termination. *See Frazier v. Radio Shack Corp.*, 2014 WL 988576, at *3 (M.D. La. 2014).

Plastipak contends the latest date for filing an action as to Westbrook's LEDL [3]claims (assuming she had an EEOC charge pending at least six months) was 18

---

[3] "The doctrine of *contra non valentem* provides that prescription does not run against one who is ignorant of the *facts* upon which their cause of action is based and applies an exception to the statutory prescriptive period where *in fact and for good cause* a plaintiff is *unable* to exercise his cause of action when it accrues." *See Eastin v. Entergy Corp.*, 2003-1030 (La.

4

months after her termination date in October 2020 or in April 2022. Neither party seems to know her termination date with certainty. Nevertheless, this action was filed on August 30, 2022 – 22 months after she was terminated.

Westbrook contends the EEOC administrative process took more than six months, so the doctrine of *contra non valentem* should be applied to toll her limitations period. "*Contra non valentem* acts to suspend prescription where the action or inaction of the plaintiff is reasonable." *Eastin v. Entergy Corp.*, 2003-1030 (La. 2/6/04), 865 So.2d 49 (citing *Jordan v. Employee Transfer Corp.,* 509 So.2d 420, 423 (La. 1987)). However, again, the United States Court of Appeals for the Fifth Circuit has made clear that the filing of an EEOC charge "does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims." *See Lefort v. Lafourche Parish Fire Protection Dist. No. 3*, 39 F. Supp. 3d 820, 826 (E.D. La. 2014); *see also Rivera v. Louisiana,* 2006 WL 901826, at *6 (E.D. La. 2006); *Fussell v. Bellsouth Commc'ns, Inc.,* 1998 WL 12229, at *2 (E.D. La. 1998) (citing *Taylor v. Bunge Corp.,* 775 F.2d 617 (5th Cir. 1985)). "[F]ederal administrative claims filed with the Equal Opportunity Employment Commission (EEOC), as required by Title VII, 42 U.S.C. § 2000e–5(f), do not interrupt prescription for state law claims." *Drury v. United States Army Corps of Engineers*, 359 F.3d 366, 368 (5th Cir. 2004). Therefore, the doctrine of *contra non valentem* is not available to suspend the

---

2/6/04, 6–7), 865 So.2d 49 (citing *State Bd. of Ethics v. Ourso,* 2002–1978 (La.4/9/03), 842 So.2d 346).

prescriptive period for Westbrook's LEDL claims beyond the six months authorized by Louisiana law.

Because Westbrook asserted her LEDL claims about four months past the longest possible prescriptive period, Plastipak's Motion to Dismiss those claims (ECF No. 11) should be granted.

Plastipak also contends it should be awarded attorney's fees in connection with this motion. The LEDL states that "[a] plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs." La. R.S. § 23:303(B). *See Harris v. Hill*, 2021 WL 3236356, at *5 (W.D. La. 2021), *report and recommendation adopted,* 2021 WL 3260057 (W.D. La. 2021).

Westbrook's LEDL claims are identical to her Title VII claims. Plastipak has not shown those claims are meritless and frivolous. Thus, attorney's fees are not warranted.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plastipak's Motion to Dismiss (ECF No. 11) be GRANTED IN PART and that Westbrook's claims under the LEDL be DISMISSED WITH PREJUDICE as untimely.

IT IS FURTHER RECOMMENDED that Plastipak's Motion for Attorney's Fees (ECF No. 11) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of September 2023.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge